UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

GREG STEVENS                              CIVIL ACTION NO. 19-1159

                                          SECTION P

VS.

                                          JUDGE TERRY A. DOUGHTY

DISTRICT ATTORNEY JAMES E. PAXTON         MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Plaintiff Greg Stevens, a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on September 4, 2019, under 42 U.S.C. § 1983. He names District Attorney James E. Paxton as Defendant.[1] For the following reasons, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff maintains that, on March 23, 1999, his "constitutional right to a speedy trial was violated[,]" and that, on November 19, 1999, "the Louisiana Supreme Court confirmed the violation." [doc. # 1, p. 5]. Plaintiff claims that the district attorney continued to prosecute him even after his right to a speedy trial was violated. *Id.* According to Plaintiff, "when the prosecutor continued to prosecute me, he was acting outside of his discretionary functions and prosecutorial duties, this constitutes no immunity." *Id.*

Plaintiff alleges further: "In sum and to clarify, I am not disputing the prosecutions [sic] immunity for violating my speedy trial right, even though it is not fair." *Id.* at 6. Rather, Plaintiff seeks relief because the prosecutor continued to prosecute him after the alleged speedy-

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

trial violation.  *Id.*  He maintains that "the only duty the prosecution had was to dismiss the charges . . . ."  *Id.*  The prosecutor, Plaintiff claims, "is without doubt responsible for depriving [Plaintiff] of [his] constitutional right to liberty."  *Id.* at 7.  Plaintiff adds, "When the speedy trial right violation was confirmed everything that occurred 'after' the speedy trial violation was illegal, this is the sole argument of this complaint."  *Id.*

Plaintiff seeks $7,500,000.00, and he asks the Court to dismiss his charge with prejudice, to expunge the charge from his record, and to declare the charge invalid.  *Id.* at 8.

<u>Law and Analysis</u>

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the

---

[2]  Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions.  *Iqbal, supra.*  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride*

*Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions."  *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Duplicative Proceeding

The Court should dismiss Plaintiff's claims because they are duplicative, frivolous, and malicious.  "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."  *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit."  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see

*Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").  District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations in a proceeding that he filed before he filed this proceeding: *Greg Stevens v. Office of 6th JDC District Attorney*, 3:19-cv-0826 (W.D. La. 2019).  There, the undersigned summarized some of Plaintiff's allegations thusly:

> Plaintiff alleges that, on November 23, 1998, his attorney filed a motion for a speedy trial before the Sixth Judicial District Court, Madison Parish. [doc. # 1, p. 3].  Plaintiff claims that his "constitutional right to a speedy trial was violated on March 23, 1999." *Id.* At a hearing on April 15, 1999, the State argued that Plaintiff was responsible for setting the case for trial. *Id.* The trial judge agreed. *Id.* On November 19, 1999, the Supreme Court of Louisiana vacated the trial judge's ruling and remanded the case "for purposes of relieving [Plaintiff] of his bail obligation on the pending charges of second degree kidnapping, La. R.S. 14:44.1, and attempted second degree murder, in violation of La. R.S. 14:27, 14:30.1." *State v. Stevens*, 99-1614 (La. 11/19/99), 747 So. 2d 516, 517. Plaintiff maintains, however, that "the relief granted was never imposed." *Id.*

> Plaintiff claims that, because defendants violated his right to a speedy trial, his guilty plea and sentence are invalid or illegal. *Id.* at 4. The undersigned observes, however, that the Supreme Court of Louisiana cited La. Code Crim. Proc. art. 701(D), which provides that failure to commence trial by the applicable deadline "shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown."

> Plaintiff faults Assistant District Attorney James Trey Phillips for the speedy trial violation and for accepting Plaintiff's guilty plea even though he knew the charges against Plaintiff "no longer existed because of the speedy trial time limit . . . ." [doc. # 9, p. 2]. He faults District Attorney Caldwell because Caldwell "has direct supervision of the Assistant District Attorneys employed by his office." *Id.*

*Stevens*, 3:19-cv-0826 (doc. 10).[3]  On August 28, 2019, the Court dismissed the claims that

Plaintiff raised in the prior proceeding.  *Id.* at doc. 12.

   As the claims in this proceeding are duplicative, frivolous, and malicious, the Court

should dismiss them with prejudice.[4]  See *Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

## Recommendation

   For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Greg Stevens' claims

be **DISMISSED WITH PREJUDICE** as duplicative, frivolous, and malicious.

   Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

this recommendation have fourteen (14) days from service of this Report and Recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

   **Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[3] Moreover, Plaintiff's allegations here largely mirror the objection to the undersigned's Report and Recommendation that he filed in the previous proceeding.  See *id.* at doc. 11.

[4] That Plaintiff names a different defendant in this proceeding does not change the result.  See *Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

Plaintiff presumably names District Attorney James Paxton—the current District Attorney for the Sixth Judicial District in Louisiana—as Defendant because, in Plaintiff's prior proceeding, the undersigned recommended dismissing, with prejudice, Plaintiff's claims against the Sixth Judicial District, District Attorney's Office because Plaintiff did not name the current district attorney as a defendant.  See *Stevens*, 3:19-cv-0826 at doc. 9, pp. 8-9.  The undersigned noted, however, that even "assuming Plaintiff sought relief from the current district attorney in his official capacity, Plaintiff would not state a plausible claim."  *Id.* at n.7.

**(14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

**legal conclusions accepted by the District Court, except upon grounds of plain error.  *See***

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of September, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE